UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

DEC 10 2018

ARTHUR JOHNSTON
BY _____ DEPUTY

LORENZO CORONADO-CASTILLO

    Plaintiff(s)

        vs.

Case No.: 5:18CV134-DCB-M.TP
(To be determined by the court)

SHAWN R. GILLIS, (Warden)
CORE CIVIC CORPORATION,
FEDERAL BUREAU OF PRISONS

    Defendant(s)

## MOTION FOR HARDSHIP CREDIT FOR HARDTIME SERVED

NOW COMES, Lorenzo Coronado, Defendant Pro-Se[1] is presently incarcerated at the Adams County Correctional Center a subsidy of Core Civic Corporation (CCA), where he is serving a 37-month sentence for drug related charges. He has filed a petition for a writ of habeas corpus pro se pursuant to 28 U.S.C. § 2241against the Warden of Adams County Correctional Center Shawn Gillis ("Respondent"), challenging his security classification as a "sex offender" by the Federal Bureau of Prisons ("BOP"). Lorenzo Coronado-Castillo claims that this classification violates his constitutional Due Process rights because he has never been convicted of a sex-related crime. and hereby respectfully Moving Said Court in the Southern District of Mississippi with a MOTION FOR HARDSHIP CREDIT FOR HARDTIME SERVED, requesting the Said Court grant to be release and deported at the due date of the "Home Eligibility Date" that is due on 03/10/2019.

---

1  Haines v. Kerner, 404 U.S. 519 (1972), "Pro SE litigants pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claim o which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigants unfamiliarity with the pleading requirements.

1

## INTRODUCTION

The Plaintiff being incarcerated an estimated 482 days at the Adams County Correctional Center  located at 20 Hobo Fork Road Natchez, Mississippi 39120 an entity of Core Civic Corporation (CCA) located at10 Burton Hills Blvd Nashville, TN. 37215. Is considered under the Constitutional rights for prisoners a "HARDTIME" detention facility invoking several protections under the 8th Amendment of the United States Constitution, and the 14th Amendment of the United States constitution.

## SUPPORTING ARGUMENT

There are several factors to consider for this motion that are present at the Adams County Correctional Center that can further trigger protections under the 8th Amendment and 14th  warrant the two days credit for one day served by a U.S. Marshall detainees at such facility.

1. The Adams County Correctional Detention Facility operates a communal segregation jail with limited liberty interest afforded to the inmates in general population.

2. The access to recreational services is limited to only several hours per week.

3. Dietary needs of inmates in general population is below federal prison standard and "Meals" can be considered "Gruel" which is tolerable for 1 to 2 days but cruel and unusual under the 8th/14th Amendment beyond that..

4. The lack of movements, where an inmate who is not in protective segregation, isolated segregation, administrative segregation or otherwise disciplinary segregation is subjected to the aforementioned treatment creating a condition of disproportionate punishment to an offense.

2

5. The time an inmate in general population spends in his or her cell at times be in excess of 22 hours in a single day period which can amount to solitary confinement and a serious and significant deprivation of liberty.

6. Personal Hygiene is significantly degraded at the facility which depends on the inmate population which is transient in nature to maintain the cleanliness of the facility, and common illnesses, which are easily avoidable, can become a problem that the limited medical staff is unable to suppress before the entirety of the inmates in general population is affected.

Lorenzo Coronado-Castillo BOP Classification

The BOP classifies inmates into security levels which are based on factors including{942 F. Supp. 2d 174}the "level of security and supervision the inmate requires" and the prisoner's program needs, such as substance abuse, training, counseling, or health-related treatments. (BOP Program Statement ("PS") 5100.08 2 at Ch. 1, p. 1). Included in this classification is a Public Safety Factor ("PSF") determination, which considers "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." (PS 5100.08 at Ch. 5, p. 8). A PSF of "sex offender" may be imposed on inmates who exhibit certain criteria "either in the current term of confinement or prior history."

A. Classification Under 18 U.S.C. § 4042

The definition of an offense as a "crime of violence" under § 924(c)(3) carries with it other ramifications. For instance, under 18 U.S.C. § 4042(b)(3)(B), BOP is required to notify local law enforcement agencies of the impending release of a

3

prisoner convicted of a crime of violence as defined in c 924(c)(3). In this circuit at least, BOP has no "discretion" to define Lorenzo Coronado-Castillo offense for reporting purposes as a crime of violence. (In this case, Lorenzo Coronado Castillo was, however, convicted of a drug trafficking crime and thus is subject to mandatory reporting under § 4042(b)(3)(A). However, the distinction could be important in other cases.)

More importantly, if BOP is denying Lorenzo Coronado-Castillo (and others) early release solely because it believes him to be ineligible for release under § 3621(e) and § 550.58, BOP's error of law may be all that is standing between otherwise eligible prisoners and a {2 F. Supp. 2d 561}favorable decision on their early release, and thus the error must be corrected.

## CONCLUSION

Federal court will provide relief for deprivation of a prisoner's constitutional right to be free of Cruel and unusual punishment during his or her stay of confinement, when the conditions such as the ones at the Adams County Detention Facility become such that a prisoner is deprived of personal hygiene or his or her diet is inadequate, the 14th Amendment is violated. In addition punishment that is imposed for improper purpose or is disproportionate to the offense can violate a prisoner's 14th Amendment.

## PRAYER

WHEREFORE, Premise considered, the plaintiff Lorenzo Coronado-Castillo prays the Honorable Judge of said Court in the Southern District of Mississippi, grant the "MOTION FOR HARSHIP CREDIT FOR HARDTIME SERVED, for the time jailed at the Adams County Detention Facility, and be released/deported on 03/10/2019.

Affiant, affirms the above is true and complete to the best of his acknowledge. He is over the age of maturity.

Dated" this 05 day of December, 2018.

Lorenzo Coronado- Castillo
No.19372-479
Adams County Correctional Center
P. O. Box 1600
Washington, Mississippi 39190

## CERTIFICATE OF SERVICE

I, Lorenzo Coronado Castillo, certify that Motion for Hardship Credit for Hard-time Served, was placed in the prison mailbox, on December 5, 2018.

It was mailed to the following address listed below:

Clerk of the court
United States District Court
Southern District of Mississippi
501 E. Court Street
Jackson, Mississippi 39201-0101

and

Mark Perez
Assistant of the U.S. Attorney's
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201-0101

## UNSWORN DECLARATION OF PERJURY

I, Lorenzo Coronado-Castillo, under penalty of perjury, that the aforementioned is true, and executed on this date: 12/05/2018.

So Served,

Lorenzo Coronado-Castillo

5