IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LORENZO CORONADO-CASTILLO**                                                          **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 5:18-cv-134-DCB-MTP**

**SHAWN R. GILLIS,** *et al*.                                                                    **RESPONDENTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Shawn R. Gillis and Core Civic Corporation's Motion [9] to Dismiss for Failure to State a Claim. Having considered the parties' submissions and the record, the undersigned recommends that the Motion [9] be denied as moot.

Petitioner filed his Petition [1] for Writ of Habeas Corpus on December 10, 2018. Petitioner challenged the duration of his confinement, but also complained about certain conditions in the prison. Petitioner named Shawn R. Gillis, Core Civic Corporation, and the Federal Bureau of Prisons as Respondents. On March 5, 2019, the Court dismissed Core Civic Corporation and the Federal Bureau of Prisons because the appropriate Respondent in a habeas corpus action is the person having custody over the Petitioner. Order [3]. The Court has construed this action as habeas corpus matter and not as a civil-rights lawsuit under 42 U.S.C. § 1983.[1] Petitioner acknowledges this distinction in his Response [11] to the Motion to Dismiss.

Shawn R. Gillis and Core Civic Corporation now move to dismiss Petitioner's § 1983 claims to the extent any are brought in the Petition [1] or could ever be construed to assert a cause of action. Mot. [9]. Yet, there are no § 1983 claims before the Court and Core Civic Corporation is no longer a party to this action. If Petitioner intends to bring a § 1983 or *Bivens*

---

[1] The requested relief determines the classification of the lawsuit. Because Petitioner challenges the duration of his confinement, this matter is properly identified as a habeas corpus action. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983).

1

action, he must do so in a separate lawsuit.  The Motion [9] to Dismiss is moot and unnecessary as it seeks to dismiss claims that are not before the Court.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends DENYING Shawn R. Gillis and Core Civic Corporation's Motion [9] to Dismiss for Failure to State a Claim.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 22nd day of October, 2019

                                                          s/ Michael T. Parker
                                                          United States Magistrate Judge