# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LORENZO CORONADO-CASTILLO**                                         **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 5:18-cv-134-DCB-MTP**

**SHAWN R. GILLIS,** *et al.*                                          **RESPONDENTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court, *sua sponte*, upon Plaintiff's failure to prosecute this action or provide a current address. After considering the record and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

Petitioner filed his Petition [1] on December 10, 2018. On October 22, 2019, the undersigned entered a Report and Recommendation [14] regarding one of the named Defendants, and the Report and Recommendation [14] was returned as undeliverable on November 4, 2019. *See* [15]. On November 7, 2019, the Court entered an Order [16] to Show Cause and directed Petitioner to provide an updated address. On November 20, 2019, the Order [16] was returned as undeliverable. *See* [17].

The Court then entered a second Order [18] to Show Cause on November 26, 2019. The Order [18] was returned as undeliverable on December 12, 2019. *See* [19]. Additionally, the Bureau of Prisons website reflects that Petitioner was released on June 28, 2019, but Petitioner has not provided a new address.[1]

"The Court cannot proceed with Plaintiff's case if he is not willing to participate as a litigant." *Santos v. United States*, 2019 WL 1308259, at *2 (S.D. Tex. Feb. 5, 2019) (citing

---

[1] *See* FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 12, 2019).

1

*McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988)). "A district court may dismiss an action for failure of a plaintiff to prosecute or comply with any order of court." *McCullough*, 835 F. 2d at 1127 (citing Fed. R. Civ. P. 41(b)). "[L]itigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change." *Feliz v. United States*, 2016 WL 6581337, at *3 (S.D. Tex. Oct. 10, 2016) (internal quotations and citation omitted); *see also Lewis v. Hardy*, 248 Fed. App'x 589, 593 n.1 (5th Cir. 2007) ( stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute.")

The record demonstrates that Petitioner has failed for several months to update his address with the Court.  Petitioner has also failed to comply with multiple Court orders.  For these reasons, the undersigned recommends that this action be DISMISSED without prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the district judge, the magistrate judge and the opposing party. The district judge at the time may accept, reject or modify in whole or part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal

conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 12th day of December, 2019.

/s/ Michael T. Parker  
United States Magistrate Judge
